### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA CUDDEBACK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WALMART, INC., A DELAWARE )<br>CORPORATION, d/b/a SAM'S WEST, INC., )<br>AN ARKANSAS CORPORATION, d/b/a )<br>SAM'S CLUB, )<br>)<br>Defendant. ) | Case No. 3:21-cv-1029 |

### NOTICE OF REMOVAL

Defendant, Walmart Inc., by and through its attorneys, DeFranco & Bradley, P.C., removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

### VENUE

1. There is now commenced and pending in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, a certain civil action designated as No. 21-L-0674, in which Diana Cuddeback is plaintiff and Walmart Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in St. Clair County, Illinois, which is within the Southern District of Illinois.

### DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. This action involves a claim for personal injuries and damages in excess of $50,000. (See Complaint and attached Affidavit signed by plaintiff's counsel). Plaintiff claimed that, as a result of the alleged incident, she sustained various injuries to her head, back, right hip, right hand, right shoulder, left foot, and knees. (Complaint, ¶ 7((a)-(b), (d)). Plaintiff alleged that she "suffered great pain and anguish by reason of her injuries and is reasonably likely to suffer additional great pain and anguish in the future by reason of these injuries." (Complaint, ¶ 7(c)).

9. Plaintiff alleged that she had sought medical care from physicians and would reasonably certain to require future medical care for her injuries. (Complaint, ¶ 7(e)).

10. Plaintiff alleged that she has "expended or become obligated for various large sums of money in endeavoring to cure or heal herself of her injurie and is reasonably certain to incur additional obligations in the future." (Complaint, ¶ 7(h)).

11. Plaintiff alleged that she has "been prevented and limited, and is reasonably certain to be prevented and limited in the future, from earning money and from participating in many of his/her usual daily activities by reason of these injuries." (Complaint, ¶ 7(i)).

12. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). This Court, in *Fields*, held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all").

13. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

14. Prior to filing their complaint, counsel for plaintiff informed defendant's claims adjuster that plaintiff had sustained a rotator cuff tear and that she had undergone a surgical repair and subsequent physical therapy rehabilitation. Plaintiff has not yet produced her medical bills for treatment allegedly related to the incident, but according to PubMed.gov, the average cost of rotator cuff surgery, including hospital bills, imaging studies, doctor's bills, and post-surgical physical therapy was $50,302.25 and could exceed $100,000.

15. Based on the alleged past and future medical expenses, the alleged ongoing and continuing wage loss, the alleged past and future pain and suffering, the alleged past and future loss of enjoyment of a normal life, counsel for plaintiff's affidavit that plaintiff's alleged damages exceed $50,000, and plaintiff's surgical repair of her rotator cuff tear, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**TIMELINESS**

16. Plaintiff filed the Complaint on July 21, 2021, and served defendant with the Complaint and Summons on July 23, 2021.

17. This notice of removal was filed within thirty days after receipt by defendant of the initial pleading pursuant to 28 U.S.C. § 1446(b) and within one day of learning the amount in controversy exceeded $75,000.

## **NOTICE REQUIREMENTS**

18. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

19. A copy of this notice of removal was filed with the Twentieth Judicial Circuit, St. Clair County, Illinois, as required by 28 U.S.C. §1446(d).

20. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
James E. DeFranco, #6181134
Nicholas C. Martin, #6324298
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
defranco@defrancolaw.com
martin@defrancolaw.com
ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DIANA CUDDEBACK,              )
                              )
            Plaintiff,        )
                              )
vs.                           )    Case No. 3:21-cv-1029
                              )
WALMART, INC., A DELAWARE     )
CORPORATION, d/b/a SAM'S WEST, INC., )
AN ARKANSAS CORPORATION, d/b/a )
SAM'S CLUB,                   )
                              )
            Defendant.        )

## AFFIDAVIT

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF ST. CLAIR   )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

By /s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 19th day of August 2021.

/s/Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA CUDDEBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-1029 |
| | ) |
| WALMART, INC., A DELAWARE CORPORATION, d/b/a SAM'S WEST, INC., AN ARKANSAS CORPORATION, d/b/a SAM'S CLUB, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 19th day of August, 2021, he sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 19th day of August 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Twentieth Judicial Circuit Court, St. Clair County Courthouse, Illinois.

By /s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 19th day of August 2021.

/s/ Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022