IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA CUDDEBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1029-DWD |
| | ) |
| WALMART, INC., | ) |
| DIVISIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

In this removed matter, Plaintiff Diana Cuddeback alleges that she tripped and fell on an exposed bolt protruding from the parking lot of Defendant Walmart, Inc.'s O'Fallon, Illinois "Sam's Club" store resulting in personal injuries (Doc. 14). According to the allegations in her Amended Complaint, Defendant Walmart is the lessee of the subject property and required under its lease to "maintain preserve, and insure the land and buildings covered under the lease." (Doc. 14, ¶ 1). Walmart hired Defendant Divisions, Inc. to clear the snow and ice from the parking lot and Divisions ripped a rubber cover from the lot exposing the bolt which led to Plaintiff's fall (*Id.*). Now before the Court is Defendant Divisions, Inc.'s Motion for Leave to File a Third-Party Complaint (Doc. 25) and Memorandum in Support (Doc. 26). Plaintiff and Defendant Walmart did not file a response to Divisions' Motion, and the time for doing so has now passed.[1]

---

[1] The "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1. The Court finds it appropriate to exercise its discretion here and finds that Plaintiff and Defendant Walmart admit the merits of the Divisions' Motion.

1

**Discussion**

Divisions seeks to file its Third-Party Complaint against Third-Party Defendant C & H Grading and Excavating (hereinafter "C&H") (Doc. 25).  Divisions asserts that while it had been contracted to perform ice and snow removal at the subject parking lot, it did not perform the work at issue in Plaintiff's Amended Complaint (*Id.*).  Instead, Divisions states that it had a snow service agreement with C&H, and that C&H had performed snow removal services on or just before Plaintiff's alleged fall (Doc. 25-1).  Accordingly, Divisions argues that if it is found liable for Plaintiff's injuries, then C&H is obligated to indemnify Divisions for all damages (*Id.*).

Federal Rule of Civil Procedure 14 governs third-party practice.  Under Rule 14(a), a defending party may, as third-party plaintiff, serve a summons and complaint on a "nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).  If more than fourteen days have passed after defendant filed its answer, which is the case here, defendant must first seek leave of court before filing the third-party complaint.  *Id.*  Leave should be granted so long as jurisdictional and venue requirements are met, and the plaintiff is not unfairly prejudiced.  *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002) (district courts "should not preclude [the] prosecution" of third-party actions so long as they fall "within the general contours described in Ruel 14(a), [do] not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice.").

The general contours of Rule 14(a) provide that a defendant may file a third-party complaint against, or implead, "a nonparty who is or may be liable to it for all or part of

the claim against it." Fed. R. Civ. P. 14(a); *Ruderman v. Bank of Am., N.A.*, No. 10 C 6153, 2012 WL 4795705, at *1 (N.D. Ill. Oct. 9, 2012). "Impleader 'must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. [I]t must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff.'" *Ruderman*, 2012 WL 4795705, at * 1 (internal citations and markings omitted) (emphasis in original). Here, Plaintiff has alleged that Defendant Divisions is liable to her for damages caused by its negligent snow or ice removal (Doc. 14). Divisions now seeks to pass on at least part of the liability asserted against it, alleging claims against C&H for contractual and non-contractual indemnity and/or contribution (Doc. 25-1). These allegations fall within the general contours of Rule 14(a).

Further, the third-party complaint does not contravene customary jurisdictional and venue requirements. A third-party claim must be supported by an independent basis of subject matter jurisdiction or by supplemental jurisdiction under 28 U.S.C. § 1367(a). *See Ruderman*, 2012 WL 4795705, at *2. The case is before the Court on diversity jurisdiction.[2] The proposed third-party complaint asserts diversity jurisdiction and supplemental jurisdiction under 28 U.S.C. § 1367. Indeed, Divisions is a citizen of Kentucky (Doc. 14), and C&H is claimed to be a citizen of Illinois and responsible for all or part of the Plaintiff's alleged damages against Divisions (Doc. 25-1). *See* 28 U.S.C. § 1367 (courts have supplemental jurisdiction over third-party claims asserted by a

---

[2] Plaintiff is an alleged citizen of Illinois (Doc. 1, ¶ 5); Defendant Walmart is a citizen of Delaware and Arkansas (Doc. 1, ¶ 6); Defendant Divisions is an alleged citizen of Kentucky (Doc. 14); and based on the allegations in Plaintiff's Amended Complaint (Doc. 14), the amount in controversy requirement is not reasonably in dispute.

defendant under § 1367(a)). Although Plaintiff is also a citizen of Illinois, no claims have been filed between Plaintiff and C&H, and regardless, "[a] defendant's impleader under Fed. R. Civ. P. 14 of a party that is not diverse from the plaintiff does not destroy jurisdiction." *Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc.*, 487 F.3d 1061, 1063 (7th Cir. 2007). The proposed third-party complaint also satisfies the venue requirements of 28 U.S.C. § 1391 because it alleges that C&H conducted work on the parking lot where Plaintiff fell in O'Fallon, Illinois, which is located within this District.

The parties do not argue that they will suffer any prejudice, and the Court finds no potential prejudice for allowing the third-party complaint. Divisions filed its Motion prior to the deadline for commencing third party actions (*see* Doc. 11-1), and this case is still relatively in its infancy.

Accordingly, Defendant/Cross-Plaintiff Divisions, Inc.'s Motion for Leave to File Third-Party Complaint against C & H Grading and Excavating (Doc. 25) is **GRANTED**. Divisions, Inc. **SHALL** file its Third-Party Complaint against C & H Grading and Excavating by **April 19, 2022**.

    **SO ORDERED.**

    Dated: April 12, 2022

                                                      DAVID W. DUGAN
                                                    United States District Judge