IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA CUDDEBACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1029-DWD |
| ) | |
| WALMART, INC., ) | |
| DIVISIONS, INC., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| DIVISIONS, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| C & H GRADING AND ) | |
| EXCAVATING, ) | |
| ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

In this removed matter, Plaintiff Diana Cuddeback alleges that she tripped and fell on an exposed bolt protruding from the parking lot of Defendant Walmart, Inc.'s O'Fallon, Illinois "Sam's Club" store resulting in personal injuries (Doc. 14). In her Amended Complaint, Plaintiff alleges that Walmart hired Defendant Divisions, Inc. to clear the snow and ice from the parking lot and Divisions ripped a rubber cover from the lot exposing the bolt which led to Plaintiff's fall (Doc. 14, ¶ 1). Now before the Court is Defendant Walmart, Inc.'s Motion for Leave to File Crossclaim against Defendant Divisions, Inc. (Doc. 30). No parties filed a response to Walmart's Motion and the time

for doing so has now passed. Walmart further filed its Motion prior to the deadline for seeking leave to amend pleadings (*See* Doc. 11-1).

Walmart asserts that Divisions is required to indemnify and defend Walmart against Plaintiff's claims in accordance with a Master Service Agreement between Walmart and Divisions (Doc. 30). Walmart further alleges that Divisions failed to procure insurance for the parking lot maintenance it conducted in breach of their agreement (*Id.*). Federal Rule of Civil Procedure 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). The allegations in Walmart's proposed crossclaim fit within the scope of Rule 13(g).

However, "[b]ecause Rule 13(g) does not impose any time limitations on the filing of cross-claims, once the parties have filed their initial pleadings, any motion to amend those pleadings and file a cross-claim must be made pursuant to Federal Rule of Civil Procedure 15." *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir. 1992). Walmart has already filed its initial pleading (*See* Doc. 17), and thus must obtain leave before filing its crossclaim. Federal Rule of Civil Procedure 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Here, the Motion does not indicate that the parties have consented to Walmart's request for leave. However, the parties did not file a response to the Motion, and the time for doing so has now passed. The "[f]ailure to timely file a response to a motion may, in the

2

Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1. The Court finds it appropriate to exercise its discretion here and finds that Plaintiff and Defendant Divisions, Inc. admit the merits of the Motion.

Accordingly, and being further mindful that leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a); *Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*, 741 F.3d 769, 776 (7th Cir. 2013), the Court **GRANTS** Walmart's Motion for Leave (Doc. 30). Walmart, Inc. is **DIRECTED** to file its Crossclaim by May 6, 2022.

**SO ORDERED.**

Dated:  May 2, 2022

_____
DAVID W. DUGAN
United States District Judge